**IN THE COURT OF APPEALS OF IOWA**

No. 16-1958
Filed January 25, 2017

**IN THE INTEREST OF S.W. and S.W.,**
**Minor children,**

**M.M., Father,**
     Appellant,

**L.W., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton

Ploof, District Associate Judge.


A mother and a father separately appeal the termination of their parental

rights to their two children. **AFFIRMED ON BOTH APPEALS.**


Jack E. Dusthimer, Davenport, for appellant father.

Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant

mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Rebecca C. Sharpe of Aitken, Aitken & Sharpe, P.C., Bettendorf, guardian

ad litem for minor children.


Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their two children. The mother challenges the sufficiency of the evidence supporting termination. The father does not dispute the State has met its burden of proof but asks for additional time to have the children returned to his care. For the reasons that follow, we reject both parents' arguments, and we affirm the order terminating their parental rights.

**I. Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Human Services (DHS) in July 2015. At the time, the older child was not yet one year old and the mother was pregnant with the younger child. The mother and father's four-year relationship was marred by repeated incidents of domestic violence in which both played the role of perpetrator on different occasions.

On July 10, 2015, while the parents were receiving safety services, the mother physically attacked the father. She also drove her vehicle at the father at a speed of approximately thirty-five miles per hour while the father was holding the older child. As a result of this incident, the child was removed from the parents' home and adjudicated to be a child in need of assistance (CINA). The older child was returned to the mother's care for a short period in December 2015 but has otherwise not been returned to the home since the July 2015 removal.

The younger child was born late in 2015. In January 2016, the parents removed the order preventing contact between them. In little more than a month after the order was lifted, three more incidents of domestic violence occurred

between the parents. As a result, the younger child was removed from the home in February 2016 and was adjudicated CINA in April 2016.

The State petitioned to terminate the mother's and the father's parental rights to the older child in July 2016 and petitioned to terminate the mother's and the father's parental rights to the younger child in August 2016. The combined termination hearing was held in October 2016. The following month, the juvenile court entered its order terminating the mother's and the father's parental rights to both children pursuant to Iowa Code section 232.116(1)(d), (h), and (i) (2016). The mother and the father separately appealed.

## II. Scope and Standard of Review.

We review termination-of-parental-rights proceedings de novo. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). This means that although we give weight to the juvenile court's fact findings, we are not bound by them. *See id.*

## III. Termination of the Mother's Parental Rights.

Before the court may terminate parental rights, it must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1). Here, the juvenile court terminated the mother's parental pursuant to section 232.116(1)(d), (h), and (i). We may affirm the termination order if there is evidence to support termination of the mother's parental rights under any one of these grounds. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Parental rights may be terminated under Iowa Code section 232.116(1)(h) where:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not dispute the first thee requirements for termination under section 232.116(1)(h) have been met.  She instead argues the evidence is insufficient to show the children cannot be returned to her care.

The mother argues she has "excellent parenting skills" and is able meet her children's needs.  However, as is noted in the guardian ad litem's report, "[P]arenting ability is not the issue in this case.  Domestic violence, anger, aggression, and control are at issue."  The report explains the continued concerns about the parents' inability to refrain from engaging in domestic violence with each other:

> Neither parent has obtained an Order of Protections against the other in order to protect themselves and their children.  I believe [the mother] and [the father] have not gotten those orders because they know the orders will be broken and they risk going to jail.  They simply cannot stay away from each other in order to protect their children.  [The mother] and [the father] are unable to share a room for a short period of time during a visit with their [children] without an altercation of some kind.  If they are unable to co-parent and act appropriate at the LSI office with supervision, how are they going to co-parent and work with each other if the DHS is no longer involved?  It is my opinion that they will not be able to do so and the pattern will continue again and again.  [The mother] and [the father] cannot put their [children] ahead of themselves, which has been an issue since this case was opened in July 2015.

Citing the mother's history of domestic violence with the father, the lack of meaningful change in behavior despite the services offered, and the mother's

refusal to sever ties with the father, the guardian ad litem recommended termination.

The juvenile court agreed that rather than demonstrating a change in her behaviors, the mother seemed resistant to it:

> [The mother] exhibits the same oppositional and angry behavior that led to her arrest in July 2015, and the removal of her children . . . . [The mother] did not allow the DHS or the providers to inquire as to her progress or prognosis [regarding her mental health issues]. She herself did not present evidence on that issue. On several key issues with the children, [the mother] did not act in their best interests. She denied her child AEA evaluations and would not share the information with their foster family when she finally allowed them to be seen. She missed a necessary orthopedic appointment because she was angry. She has acted out during supervised visits in front of the children when angry about something. She does not seem to be able to calm herself when she feels challenged. Despite acknowledging that [the father] has been physically abusive to her, she continues a relationship with him. . . . She has clearly picked her relationship with [the father] over her relationship with her [children].

The record supports the juvenile court's findings and we concur in its assessment that the grounds for termination under section 232.116(1)(h) have been proved.

Once we determine the statutory grounds for termination exist, we must determine whether termination is in the children's best interest. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). The mother argues it is not. In determining the children's best interests, we give primary consideration to their safety, to the best placement to further their long-term nurturing and growth, and to their physical, mental, and emotional conditions and needs. *See id.* Taking these factors into account, we conclude termination is in the children's best interests.

The children were less than three years old at the time of termination. The older child was removed from the mother's care before turning one year old. The

younger child has been out of the mother's care since three months of age. The children have been placed together in the same foster care placement throughout the CINA proceedings and are bonded with their foster family, who wish to adopt if the children become available. As we have found, the children cannot be safely returned to the mother's care. Rather than prolonging permanency and denying the children a stable home by continuing their placement in foster care long term, we agree their best interests require termination of the mother's parental rights. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"); *In re R.L.*, 541 N.W.2d 900, 904 (Iowa Ct. App. 1995) ("[T]ermination of parental rights is preferable to long-term foster care.").

### IV. Termination of the Father's Parental Rights.

The father does not dispute the grounds for termination of his parental rights. Instead, he asks to be granted additional time to prove himself as a parent. Although the father claims his limitations arise "primarily" from his lack of financial resources, as stated above, it is the father's long-standing history of involvement with the mother and the domestic violence between the father and the mother that limits his ability to have the children return safely to his care.

Granting the father additional time and denying the children permanency is not in the children's best interests. Children are not equipped with pause buttons. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("The crucial days of

childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [six]-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**